U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 18 AM 11: 57

BY ⟨sig⟩ CLERK
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| FRANK W. HIGHLEY,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BAART'S CLINIC AND  )<br>DR. GENEVIEVE KELLY,  )<br>  )<br>Defendants.  ) | Case No. 2:23-cv-00569 |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, GRANTING DEFENDANTS' MOTION TO DISMISS, AND GRANTING LEAVE TO AMEND**
(Docs. 20, 22, & 27)

On May 30, 2023, Plaintiff Frank W. Highley, an inmate at Southern State Correctional Facility ("SSCF"), filed a Complaint in the Vermont Superior Court, Civil Division (the "Superior Court") against Defendants BAART's Clinic and Dr. Genevieve Kelly (collectively, "Defendants") alleging a violation of his constitutional rights under the Eighth Amendment based on Defendants' "deliberate indifference" and purported inadequate administration of his Medication-Assisted Treatment ("MAT") at SSCF. He sought compensatory and punitive damages in the amount of $1,000,000. (Doc. 4 at 1.)

"Despite [Plaintiff's] recitation that his [C]omplaint falls under [Vermont Rule of Civil Procedure] 75," the Superior Court determined the Complaint was a "private civil claim" because Plaintiff sought monetary damages "under a theory of medical malpractice." (Doc. 7 at 1.) On October 25, 2023, Plaintiff filed a motion for default judgment in the Superior Court. Two days later, Defendants removed the Complaint to this court on the basis of federal question jurisdiction. In their notice of removal, they state they were served on September 25, 2023, with a copy of the summons but not the Complaint, which they independently obtained through the Superior Court's electronic

records system on September 29, 2023. On November 3, 2023, they filed a motion to dismiss the Complaint. Plaintiff did not file an opposition to the motion to dismiss.

On July 22, 2024, the Magistrate Judge issued a Report and Recommendation (the "R & R") (Doc. 27), in which he recommended the court deny Plaintiff's motion for default judgment (Doc. 20) and grant Defendants' motion to dismiss. (Doc. 22.)

On August 8, 2024, Plaintiff timely filed an objection to the R & R. In his thirty-six-page objection, Plaintiff reviewed cases which he contends address issues such as a criminal defendant's right to counsel, the constitutionality of 42 U.S.C. §§ 1981 and 1982, access to the courts, retaliation, equal protection, discrimination, due process, ineffective assistance of counsel, and application of the sentencing guidelines. He alleged his trial counsel, the Chittenden County State's Attorney, retired Vermont Superior Court Judge Michael Kupersmith, the Vermont Attorney General's Office, and the Magistrate Judge knew of a "relationship" between a juror, the Magistrate Judge, and the Chittenden County State's Attorney which impacted the impartiality of jurors and the charges brought against him in his underlying State criminal case. (Doc. 28 at 23.) He referenced habeas relief and attached a "petition for in[e]ffective assistance of counsel, by way of neglectfully, deliberat[e]ly allowing case's 'numerous' to get dismissed by way of lack of contact to the court[.]" *Id.* at 25. Plaintiff did not address any of the Magistrate Judge's factual or legal conclusions or object to the recommendations made in the R & R.

Plaintiff is self-represented. Defendants are represented by William N. Smart, Esq.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-one-page R & R, the Magistrate Judge carefully analyzed the factual allegations and potential causes of action in Plaintiff's Complaint and recommended the court deny Plaintiff's motion for default judgment because Plaintiff did not follow the Federal Rules of Civil Procedure governing defaults and because, in any event, a default is not available here because Defendants have appeared in this action and timely filed their motion to dismiss. Federal Rule of Civil Procedure 81(c)(2)(A)-(C) states that, after removal:

> [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed.

*Id.* Because Defendants timely filed their motion to dismiss seven days after removing the case to this court, they did not default and Plaintiff's motion is DENIED.

The Magistrate Judge next recommended granting Defendants' motion to dismiss for failure to state a claim because Plaintiff failed to allege sufficient facts to "show that the defendant[s] acted with 'deliberate indifference to serious medical needs[,]'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)), an inquiry with both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). While recognizing district courts in the Second Circuit are split as to whether the failure to treat withdrawal symptoms of a relatively short duration constitutes a constitutional violation, the Magistrate Judge found that Plaintiff's acknowledgment that he received two EKGs and "at least 10 pre-dose a[s]sessments" (Doc. 4 at 3-4) from Dr. Kelly after he requested an upward taper of his methadone dose "demonstrate[s] that medical staff have been conducting regular clinical assessments to determinate appropriate methadone dosage levels." (Doc. 27 at 13.) In addition, the Magistrate Judge concluded that Plaintiff failed to allege that any the allegedly inadequate medical care caused his symptoms or was sufficiently serious for constitutional purposes. Plaintiff has therefore failed to satisfy the objective element of an

Eighth Amendment deliberate indifference claim. The court agrees this is fatal to Plaintiff's Eighth Amendment claim.

With respect to the subjective element of Plaintiff's Eighth Amendment deliberate indifference claim, the Magistrate Judge found that Plaintiff failed to allege that Dr. Kelly "knew of and disregarded [his] serious medical needs[,]" *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)), or that she acted with "the requisite state of mind, [which is] the 'equivalent of criminal recklessness.'" *Lapierre v. Cnty. of Nassau*, 459 F. App'x 28, 29 (2d Cir. 2012).

"It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703. For this reason, medical malpractice claims generally do not give rise to a constitutional claim. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, . . . not every lapse in prison medical care will rise to the level of a constitutional violation.").

Because Plaintiff does not plausibly allege that Dr. Kelly was aware of his serious medical needs and disregarded them, or that she did not take reasonable measures to treat his medical needs, his Eighth Amendment claim against Dr. Kelly must be DISMISSED.

The Magistrate Judge further recommended dismissal of Plaintiff's Eighth Amendment claim against the BAART's Clinic because 42 U.S.C. § 1983 does "not support a claim based on a *respondeat superior* theory of liability[,]" *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), and Plaintiff has failed to prove "that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" *Rojas v. Alexander's Dep't Store*, 924 F.2d 406, 408 (2d Cir. 1990) (omission and emphasis in original) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). Because Plaintiff failed to adequately plead a BAART's Clinic policy or practice which caused an employee to deprive him of a constitutional right, or a deficiency in the

4

BAART's Clinic's training or supervision protocols, his Eighth Amendment claim against it must be DISMISSED.

Finally, having recommended dismissal of all of Plaintiff's federal law claims, the Magistrate Judge recommended the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (holding where plaintiff "has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to exercise supplemental jurisdiction over the pendent state-law claims[]"); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The court agrees with this conclusion in the facts and circumstances of this case.

## LEAVE TO AMEND

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

It is not evident that leave to amend would be futile in this case. Plaintiff is advised that an Amended Complaint, if filed, will supersede and completely replace the

original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks in numbered paragraphs. For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Amended Complaint by October 15, 2024, or this case will be dismissed**.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the R & R (Doc. 27), DENIES Plaintiff's motion for default judgment (Doc. 20), GRANTS Defendants' motion to dismiss (Doc. 22), DISMISSES Plaintiff's Complaint, and GRANTS leave to amend. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of September, 2024.

Christina Reiss, Chief Judge
United States District Court